United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID RICHARD VIGIL JR., Petitioner, v. CYNTHIA ROJAS, Respondent. | Case No. 26-cv-04357-RS (PR) **ORDER TO SHOW CAUSE; INSTRUCTIONS TO CLERK** |

## INTRODUCTION

Petitioner seeks federal habeas relief under 28 U.S.C. § 2254 from his California state convictions. The petition for such relief is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases. The petition states cognizable claims. Respondent shall file a response to the petition on or before **January 25, 2027**.

Petitioner's motion to proceed in forma pauperis is GRANTED. (Dkt. No. 2.) The Clerk shall terminate all pending motions.

The Clerk shall amend the docket to reflect that Cynthia Rojas, the Warden of CTF-Soledad, wherein petitioner is housed, is the sole respondent in this action. Rojas is the sole proper respondent in this action, as she is the custodian having day-to-day control over petitioner, the only person who can produce "the body" of the petitioner. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (quoting *Guerra v. Meese*, 786 F.2d

414, 416 (D.C. Cir. 1986)).

**BACKGROUND**

In 2022 an Alameda County Superior Court jury convicted petitioner of voluntary manslaughter, second degree murder, and shooting at an occupied vehicle. *People v. Vigil*, No. A164977, 2025 WL 1743074, at *1 (Cal. Ct. App. Jun. 24, 2025)). It also found true various sentencing enhancement allegations. A sentence of 30 years to life was imposed. *Id.* On appeal, the convictions for voluntary manslaughter and shooting at an occupied vehicle were reversed. *Id.* The appellate court remanded the case to the superior court "for resentencing on the murder conviction, for exercise of the trial court's discretion pursuant to the requirements of section 1385, subdivision (c), effective just months before the date of sentencing." *Id.*

**DISCUSSION**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

As grounds for federal habeas relief, petitioner claims (1) the jury received constitutionally erroneous self-defense instructions; (2) there was insufficient evidence of malice; (3) the state court's conclusion that there was no evidence of an inadvertent shooting is contradicted by the record; (4) trial counsel rendered ineffective assistance; and (5) appellate counsel rendered ineffective assistance. (Pet., Dkt. No. 1 at 5-10.) When liberally construed, these claims are cognizable and shall proceed.

United States District Court
Northern District of California

## CONCLUSION

1. The Clerk shall serve electronically a copy of this Order upon the respondent and the respondent's attorney, the Attorney General of the State of California, at the following email addresses: SFAWTParalegals@doj.ca.gov and SFAGDocketing@doj.ca.gov. The petition (Dkt. No. 1) and the exhibits thereto are available via the Electronic Case Filing System for the Northern District of California. The Clerk shall serve by mail a copy of this Order on petitioner.

2. On or before **January 25, 2027**, respondent shall file with the Court and serve on petitioner, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that previously have been transcribed and that are relevant to a determination of the issues presented by the petition.

3. If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent's counsel within thirty (30) days of the date the answer is filed.

4. In lieu of an answer, respondent may file, on or before **January 25, 2027**, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within thirty (30) days of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within fifteen (15) days of the date any opposition is filed.

5. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

6. It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court and respondent informed of any change of address and must comply with the

United States District Court
Northern District of California

Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

7. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

8. Petitioner's motion to proceed in forma pauperis is GRANTED. (Dkt. No. 3.)

9. The Clerk shall terminate all pending motions

10. The Clerk shall amend the docket to reflect that Cynthia Rojas is the sole respondent in this action.

**IT IS SO ORDERED.**

**Dated:** September 10, 2026

RICHARD SEEBORG
United States District Judge